People v Velasquez (2018 NY Slip Op 08077)





People v Velasquez


2018 NY Slip Op 08077


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7704 1383/11

[*1]The People of the State of New York, Respondent,
v
Orlando Velasquez, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Megan DeMarco of counsel), for respondent.



Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered on or about February 4, 2014, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors argued by defendant were adequately considered by the court, were outweighed by the danger of future recidivism, and do not warrant a downward departure from defendant's presumptive risk level.
With regard to the reliability of the risk assessment instrument, we reject defendant's challenge to "the choice of risk factors made by the Legislature and the Board of Examiners of Sex Offenders" (People v Bailey, 52 AD3d 336, 336 [1st Dept 2008], lv denied 11 NY3d 707 [2008]), and note that the risk level designated in the instrument is "merely presumptive, and a court may depart from it as a matter of discretion" (People v Ferrer, 69 AD3d 513, 514 [1st Dept 2010], lv denied 14 NY3d 709 [2010]). However, as noted, this case does not call for a discretionary departure.
To the extent that defendant is challenging the legal or factual correctness of the court's assessment of points under the risk factor relating to multiple victims, that claim is unpreserved and without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK